1  Gregory J. Marshall  (#019886)
   Erica J. Stutman (#029664 )
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona  85004-2202
4  Telephone:  602.382.6000
   E-Mail: gmarshall@swlaw.com
5          estutman@swlaw.com

6  *Attorneys for Defendant Wells Fargo Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hocker and Heather Hocker, husband and wife, | Case No. _____ |
| Plaintiff, | NOTICE OF REMOVAL |
| v. | |
| Wells Fargo Home Mortgage, Inc., a California corporation, now known as Wells Fargo Bank, a national association; John Does I-X, Jane Does I-X, Black Corporations I-X, White Partnership I-X and Red Limited Liability Companies I-X, | |
| Defendants. | |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and LRCiv 3.6, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), removes to this Court the state court civil action described below.  The grounds for removal are the following:

1.  Plaintiffs John and Heather Hocker commenced this action on May 17, 2018 by filing their Complaint in the Cochise County, Arizona Superior Court, case number CV201800277 ("the State Court Action").  A copy of Plaintiff's Complaint is attached as Exhibit A.

2. Wells Fargo was served with a copy of Plaintiffs' Complaint by personal service on May 23, 2018.

3. Removal is timely under 28 U.S.C. § 1446(b), because this Notice is filed within thirty (30) days after receipt by Wells Fargo of the Complaint, and within one year of the commencement of the State Court Action.

4. Upon information and belief, Plaintiffs are residents of Arizona, and are therefore believed to be citizens of Arizona.

5. Wells Fargo is a national bank organized under the National Bank Act. For diversity jurisdiction purposes, a national bank is a citizen of the state designated as its main office on its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo's designated main office is in South Dakota.

6. While Wells Fargo denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to the damages they seek, Plaintiffs have nonetheless put more than $75,000 in controversy through their Complaint. Specifically, Plaintiffs are seeking damages for alleged violation of A.R.S. § 33-420(A) in an amount the greater of $5,000 or treble actual damages. They are also seeking damages for purported damage to their credit due to their filing bankruptcy, which they allege they filed as a result of Wells Fargo's actions. In a settlement demand letter dated June 18, 2018, Plaintiffs estimated their total damages to exceed $10,000,000. A settlement demand is sufficient to establish the amount in controversy for purposes of diversity jurisdiction. *See, e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002) (holding evidence of plaintiff's settlement demand of $100,000 was sufficient to establish the amount in controversy); *Gonzalez v. Starwood Hotels*, Case No. CV 16-1068-GW (JEMx), 2016 WL 1611576, at * 5 (C.D. Cal. Apr. 21, 2016) (holding "Plaintiff's counsel's email to Defendants' counsel reiterating its previous settlement offer of $150,000 is sufficient to establish that the amount in controversy is above $75,000"); *Starr v. Lowes HIW, Inc.*, No. 3:09-CV-00592-RCJ-(VPC), 2010 WL 1628729, at *3 (D. Nev. Apr. 21, 2010) ("Defendant has shown by

the settlement offer that it is more likely than not that the amount in controversy is greater than $75,000. Plaintiff has offered nothing to dispute this."). [1]

7. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because the State Court Action is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Under 28 U.S.C. § 1441, the State Court Action may be properly removed to this Court because the United States District Court for the District of Arizona, Phoenix Division, is the federal judicial district and division embracing Cochise County, Arizona, the county in which the State Court Action is pending.

9. Pursuant to 28 U.S.C. § 1446 and LRCiv 3.6(a), a copy of this Notice of Removal has been filed in the State Court Action. *See* Exhibit B.

10. True and correct copies of the docket and all other pleadings and documents previously filed in the State Court Action are attached hereto as Exhibit C.

WHEREFORE, Wells Fargo requests that this Notice of Removal be filed, the State Court Action be removed to and proceed hereafter in this Court, and no further proceedings be had in the Cochise County Superior Court.

DATED this 22nd day of June, 2018.

SNELL & WILMER L.L.P.

By: *s/Erica Stutman*
Gregory J. Marshall
Erica J. Stutman
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
*Attorneys for Defendant Wells Fargo Bank, N.A.*

---

[1] If the Court requires further evidence that the jurisdictional amount is met, Wells Fargo requests leave to supplement its removal notice with a copy of the settlement demand letter and other evidence establishing the amount in controversy.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June, 2018, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing, and a copy to CM/ECF registrants.

I further certify that on June 22nd, 2018, I served the attached document by mail on the following:

Christopher A. Combs, Esq.
Chelsea A. Hesla, Esq.
COMBS LAW GROUP, PC
2200 East Camelback Rd., Suite 221
Phoenix, Arizona 85016
chris@combslawgroup.com
Chelsea@combslawgroup.com

*Attorneys for Plaintiffs*


*s/ Jacquelynn Lundgren*