**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hocker and Heather Hocker, husband and wife, | No. CV-18-0309-TUC-BGM |
| Plaintiffs, | |
| v. | **ORDER** |
| Wells Fargo Home Mortgage, Inc., a California corporation, now known as Wells Fargo Bank, a national association; John Does I-X; Jane Does I-X; Black Corporations I-X; White Partnerships I-X; and Red Limited Liability Companies I-X, | |
| Defendants. | |

Currently pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss (Doc. 7). Plaintiffs filed a Response (Doc. 10), and Defendant subsequently replied (Doc. 14). The motion is fully briefed and ripe for adjudication.

In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.

**I.  FACTUAL BACKGROUND**

Plaintiffs live at 495 Earl Drive, Sierra Vista, Arizona 85635 ("Plaintiffs' home").

Compl. (Doc. 1-4) at ¶ 6. On February 13, 2003, Plaintiffs executed a Promissory Note in the amount of $93,000.00 in favor of Defendant. *Id.* at ¶ 7. Plaintiff's home was used as collateral for the February 2003 loan, and Plaintiffs executed a Deed of Trust in favor of Defendant and naming First American Title of AZ as Trustee. *Id.* at ¶ 8. On February 21, 2003, the Deed of Trust was recorded at Instrument number 030206096, in Cochise County. *Id.*

On December 17, 2015, Defendant informed Plaintiffs that it had initiated foreclosure proceedings on Plaintiffs' home. *Id.* at ¶ 9. On December 21, 2015, Defendant informed Plaintiffs that the total amount past due under the Promissory Note was $4,625.76. Compl. (Doc. 1-4) at ¶ 10 & Wells Fargo Reinstatement Quote to Hockers 12/21/2015 (Exh. "1"). On December 23, 2015, First American Title Insurance Company recorded a Notice of Trustee Sale with the Cochise County Recorder, indicating that Plaintiffs' home would be sold at public auction on March 28, 2016. *Id.* at ¶ 11. On January 7, 2016, First American Title Insurance Company recorded a Cancellation of Trustee's Sale, thereby cancelling the March 28, 2016 public auction. *Id.* at ¶ 13.

On January 8, 2016, Plaintiffs paid Defendant $4,625.76 to reinstate the loan and avoid foreclosure. *Id.* at ¶ 14. On January 11, 2016, First American Title Insurance Company recorded a second Notice of Trustee Sale with the Cochise County Recorder, indicating the Plaintiffs' home would be sold at public auction on April 13, 2016. *Id.* at ¶ 15. On February 16, 2016, Defendant sent Plaintiff a statement, which indicated their loan had been reinstated from foreclosure.[1] Compl. (Doc. 1-4) at ¶ 16 & Wells Fargo Statement, Loan No. 0017768391 2/16/2016 (Exh. "3"). Plaintiffs allege that they did not receive notice of the second Notice of Trustee Sale, and only learned of the foreclosure from a "third party" mailing. *Id.* at ¶ 19. Plaintiffs contacted a representative of the Defendant and were informed that the property was not in foreclosure and no sale

---

[1] The Court notes that this statement also indicates a past due payment of $715.99 and an unpaid late charge of $27.51 remaining on the account.

or public auction was scheduled. *Id*. at ¶ 20. Plaintiffs allege that Defendant refused to take any action to cancel the April 13, 2016 trustee sale. *Id.* at ¶ 21. On April 12, 2016, Plaintiffs filed for Chapter 13 bankruptcy in the United States Bankruptcy Court, District of Arizona to avoid foreclosure. *Id.* at ¶¶ 22–23. The following day, First American Title Insurance Company recorded a Cancellation of the Notice of Trustee's Sale. Compl. (Doc. 1-4) at ¶ 24.

On May 9, 2016, Plaintiffs filed their Bankruptcy Schedules and Statements. *In re: Hocker*, D. Ariz., Case No. 16-BK-03848-BMW, Official Form 106Sum (Doc. 15). In the Bankruptcy Schedules, Plaintiffs denied having any claims against third parties or other contingent and unliquidated claims. *Id.* at ¶¶ 33, 34. Plaintiffs failed to identify any claims against Wells Fargo in their Bankruptcy Schedules. *See id*. On November 16, 2017, Plaintiffs' Second Amended Chapter 13 Plan was confirmed. *In re: Hocker*, D. Ariz., Case No. 16-BK-03848-BMW, Stipulated Order Confirming Second Amended Chapter 13 Plan (Doc. 44).

On May 17, 2018, Plaintiffs filed a Complaint in the Superior Court of Arizona, Cochise County, alleging claims for a Violation of A.R.S. § 33-420; Breach of Contract; and Breach of the Implied Covenant of Good Faith and Fair Dealing. Compl (Doc. 1-4). Plaintiffs allege "Defendant knew that the Second Notice of Trustee Sale was forged, groundless, contained a material misstatement and/or false claim." *Id.* at ¶ 27. Plaintiffs further allege that the recording of the Second Notice violated A.R.S. § 33-420 and that Defendant's alleged wrongful initiation of the second foreclosure proceeding forced Plaintiffs to hire an attorney and file for bankruptcy. Compl. (Doc. 1-4) ¶¶ 33, 35, 39. On June 22, 2018, Defendant removed the case to this Court. Notice of Removal (Doc. 1). Defendant seeks dismissal of the Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

A complaint is to contain a "short and plain statement of the claim showing that

the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

"When ruling on a motion to dismiss, [the Court must] accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "The court draws all reasonable inferences in favor of the plaintiff." *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)). This Court is not required, however, to accept conclusory statements as a factual basis. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion

to dismiss.").

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d. 668, 688 (9th Cir. 2001) (quotations and citations omitted). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. *Id.* "First, a court may consider material which is properly submitted as part of the complaint[.]" *Id.* Second, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Id.* at 689 (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)); *see also* Fed. R. Evid. 201.

## III. ANALYSIS

Defendant seeks dismissal of Plaintiffs' Complaint without leave to amend because 1) Plaintiffs failed to identify any potential claims against Wells Fargo in their prior bankruptcy case and are therefore judicially estopped from doing so now; and 2) Plaintiffs failed to provide Wells Fargo of any alleged breach as required by the contract. *See* Def.'s Mot. to Dismiss (Doc. 7).

### A. Judicial Estoppel

Defendant asserts that "Plaintiffs are judicially estopped from asserting their claims against Wells Fargo because Plaintiffs did not disclose them during their bankruptcy proceeding." Def.'s Mot. to Dismiss (Doc. 7) at 4. Defendants further assert that because "Plaintiffs derived an unfair advantage by obtaining the benefits of plan confirmation in their bankruptcy while failing to accurately complete their bankruptcy schedules[,]" the Complaint currently before this Court must be dismissed with prejudice. Reply (Doc. 14) at 4. Plaintiffs counter that because the told the Bankruptcy Trustee about the claim, they have not taken an inconsistent position in the instant litigation. Pls.' Response (Doc. 10) at 5. Plaintiff's further assert that Defendant has "unclean hands" and therefore should be precluded from raising judicial estoppel.

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an unfair advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008). "Judicial estoppel is an equitable doctrine[.]" *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). "This court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." *Id*. (quotations and citations omitted). The Supreme Court of the United States has delineated several factors for consideration in a particular case: 1) "a party's later position must be 'clearly inconsistent' with its earlier position"; 2) the party must have "succeeded in persuading a court to accept that party's earlier position"; and 3) "the party seeking to assert an inconsistent position would derive an unfair advantage" if allowed to adopt the new position. *New Hampshire v. Maine*, 532 U.S. 742, 750–51, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001) (citations omitted); *see also Hamilton*, 270 F.3d at 782–83. This list of factors is not exhaustive or inflexible. *New Hampshire*, 532 U.S. at 751, 121 S.Ct. at 1815.

Moreover, "[t]he application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases." *Hamilton*, 270 F.3d at 783 (citations omitted). "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784; *see also Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555 (9th Cir. 1992).

Here, Plaintiffs knew of the facts supporting their claims against Wells Fargo at the time that they filed bankruptcy. In fact, they allege that Wells Fargo's conduct is

what lead them to file for bankruptcy. On May 9, 2016, Plaintiffs filed their Bankruptcy Schedules and Statements. *In re: Hocker*, D. Ariz., Case No. 16-BK-03848-BMW, Official Form 106Sum (Doc. 15). In the Bankruptcy Schedules, Plaintiffs denied having any claims against third parties or other contingent and unliquidated claims. *Id.* at ¶¶ 33, 34. Plaintiffs failed to identify any claims against Wells Fargo in their Bankruptcy Schedules. *See id.* On November 16, 2017, Plaintiffs' Second Amended Chapter 13 Plan was confirmed. *In re: Hocker*, D. Ariz., Case No. 16-BK-03848-BMW, Stipulated Order Confirming Second Amended Chapter 13 Plan (Doc. 44). As such, Plaintiffs position in the Bankruptcy proceeding was "clearly inconsistent" with the one being asserted in this case. Through confirmation of a Chapter 13 Plan which relied upon that position, Plaintiffs succeeded in persuading a court to accept their previous position. Plaintiffs' "failure to list [their] claims against [Wells Fargo] as assets on [their] bankruptcy schedules deceived the bankruptcy court and [Plaintiffs'] creditors, who relied on the schedules to determine what action, if any, they would take in the matter." *Hamilton*, 270 F.3d at 785. Plaintiffs assert that they informed the Bankruptcy Trustee regarding the alleged wrongful foreclosure and potential lawsuit and argue this should be sufficient to prevent judicial estoppel here. Pls.' Response (Doc. 10) at 4–5 & Hockers' Decl. (Exh. "1") & Trustee Questionnaire (Exh. "2"). Plaintiffs, however, cannot shift their continuing duty to disclose all assets on the bankruptcy schedules to the Bankruptcy Trustee.[2] Furthermore, Plaintiffs enjoyed the benefit of both an automatic stay and reorganization of their debt through the Chapter 13 bankruptcy proceeding. *See Hamilton*, 270 F.3d at 785.

"[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets." *Id.* at 785 (citing *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999). "The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the

---

[2] Additionally, the Bankruptcy Trustee's questionnaire was not filed in the Bankruptcy Court's docket which alerts creditors and the Bankruptcy Court of information submitted in the case.

- 7 -

bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete." *Id.* (citing *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999). Additionally, Plaintiffs' assertion that Wells Fargo's "unclean hands" should preclude application of judicial estoppel to their claims in this case is without merit. Defendant's alleged conduct did not cause Plaintiffs' failure to accurately list their assets in the Bankruptcy schedules. *See Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981, 986–87 (9th Cir. 2010) ("Unclean hands does not constitute misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.") (quotations and citations omitted).

Accordingly, Plaintiffs are judicially estopped from pursuing claims against Defendant Wells Fargo in this matter.

### *B. Lack of Notice*

Because Plaintiffs are judicially estopped from bringing the claims at issue in this lawsuit, the Court declines to address this issue.

## VI. CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that:

1) Defendants' Motion to Dismiss (Doc. 7) is GRANTED;

2) Plaintiffs' Complaint (Doc. 1-4) is DISMISSED WITH PREJUDICE; and

3) The Clerk of the Court shall close its file in this matter.

Dated this 4th day of March, 2019.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge